THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRENOTEC, LLC, a Texas Limited Liability Company DBA "North Texas Superbikes," and DAVID ROY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TEXAS MOTORSPORTS AND DESIGN LLC, a Texas Limited Liability Company, ALEXANDER QUINTERO, an individual, and JAZMINE QUINTERO, an individual,<br><br>Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Frenotec, LLC, ("Frenotec") and David Roy, ("Roy"), collectively, the "Plaintiffs," file this Complaint for damages and injunctive relief against Defendants Texas Motorsports & Design, LLC ("Texas Motorsports"), Alexander Quintero ("A. Quintero"), and Jazmine Quintero ("J. Quintero"), collectively, the "Defendants," and in support thereof would show as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, cybersquatting, and false designation of origin arising out of Defendants' unauthorized and infringing use of Plaintiffs' federally registered trademark, NORTH TEXAS SUPERBIKES, for vehicle repair and related services. As described more fully below, upon information and belief, Defendants have knowingly, willfully, and/or intentionally infringed upon Plaintiffs' federally registered

1

trademarks, damaged Plaintiffs' business reputation, and subjected Plaintiffs to unfair competition, lost profits, and other monetary damages. The infringement is ongoing, causing Plaintiffs to suffer irreparable harm.

2. Plaintiffs bring this action under the Lanham Act, including 15 U.S.C. §§ 1114(a)(1) and 1125(a)(1)(A) (Infringement, False Designation of Origin and Unfair Competition); 15 U.S.C. §1116 (Injunctive Relief); and 15 U.S.C § 1117 (Attorney's Fees and Treble Damages).

## PARTIES

3. Plaintiff Frenotec is a Texas Limited Liability Company doing business as North Texas Superbikes, with its principal place of business in Argyle, Texas.

4. Plaintiff Roy is an individual and a managing member of Frenotec.

5. On information and belief, Texas Motorsports is a Texas Limited Liability Company with its principal place of business at 405 S Central Expressway, Richardson, TX 75080 doing business as "Texas Motorsports & Design" and as "Texas Superbikes." On information and belief, Texas Motorsports can be served on its Registered Agent, Alexander Quintero at 405 S Central Expressway, Richardson, TX 75080.

6. On information and belief, A. Quintero is an individual with a business address of 405 S Central Expressway, Richardson, TX 75080. On information and belief, A. Quintero is a Managing Member of Texas Motorsports as well as the registered agent of Texas Motorsports.

7. On information and belief, J. Quintero is an individual with a business address of 405 S Central Expressway, Richardson, TX 75080. On information and belief, J. Quintero is a Managing Member of Texas Motorsports.

8. Defendants provide vehicle repair and related services in this district and throughout the State of Texas.

9. Defendants advertise their services under the terms TX SUPERBIKES and TEXAS SUPERBIKES. For example, Defendants place the term TX SUPERBIKES and TEXAS SUPERBIKES on their webpages, advertisements, and facilities.

10. On information and belief, A. Quintero and J. Quintero have personally profited from and oversee the use of the terms TX SUPERBIKES and TEXAS SUPERBIKES on Infringing TEXAS SUPERBIKES services and advertising.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over all aspects of this action pursuant to: (a) 15 U.S.C. § 1051 et seq. ("Lanham Act") and 28 U.S.C. §§ 1331, 1337, and 1338(a)-(b).

12. This Court has general personal jurisdiction over the Defendants by virtue of Defendants residing in this District.

13. This Court has specific personal jurisdiction over the Defendants by virtue of Defendants transacting, doing, and soliciting business in this District, because a substantial part of the relevant events occurred in this District, and because Defendants have infringed, contributed to the infringement of, and/or actively induced others to infringe Plaintiffs' federally protected trademarks in this District. Moreover, Defendants continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiffs' trademarks in this District.

14. Plaintiffs are informed and believe, and thereupon allege, that venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in the state of Texas and that at least one of the Defendants reside within this District.

15. Plaintiffs are informed and believe, and thereupon allege, that venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this action occurred within this District.

## FACTS SUPPORTING CLAIMS

### PLAINTIFFS' MARK

16. Plaintiffs are leading providers of vehicle repair services, including tuning of motors and engines for automobiles, custom tuning of exterior, interior and mechanical parts of vehicles, and garage services, including repair of automobiles. Plaintiffs provide their services in Texas and this District.

17. Plaintiffs own a United States trademark registration for their mark, Registration Number 7,619,567. Plaintiffs' federal registration covers a standard character mark for "NORTH TEXAS SUPERBIKES." Attached hereto as **Exhibit A** is a true and correct copy of the Certificate of Registration for Plaintiffs' NORTH TEXAS SUPERBIKES Mark, U.S. Registration No. 7,619,567 (hereinafter, the NORTH TEXAS SUPERBIKES Registration), along with a recent printout of the electronic status page for this registration downloaded from the USPTO database at http://tsdr.uspto.gov.

18. Plaintiffs' federal registration covers the following services under Class 37: Tuning of motors and engines for automobiles; Custom tuning of exterior, interior and mechanical parts of vehicles; Garage services, namely, repair of automobiles; and Vehicle repair services.

19. Plaintiffs are the exclusive users of the NORTH TEXAS SUPERBIKES mark. The key to Plaintiffs' success is the high quality and reputation of their services, which are closely associated by the public with the NORTH TEXAS SUPERBIKES Mark. Plaintiffs have used the

NORTH TEXAS SUPERBIKES Mark continuously since 2004 as the principal identifier of their vehicle repair and related services.

20. Plaintiffs prominently use and display their federally registered NORTH TEXAS SUPERBIKES Mark on Plaintiffs' business location and on Plaintiffs' advertising, promotional materials, and website.

21. Plaintiffs have built significant goodwill and value in the NORTH TEXAS SUPERBIKES Mark through substantial expenditures of time, effort, and money advertising and promoting the marks.

22. According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiffs' NORTH TEXAS SUPERBIKES Registration is prima facie evidence of the validity of the NORTH TEXAS SUPERBIKES Mark.

23. According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiffs' NORTH TEXAS SUPERBIKES Registrations are prima facie evidence of Plaintiffs' ownership of the NORTH TEXAS SUPERBIKES Marks and the NORTH TEXAS SUPERBIKES Registrations.

24. According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiffs' NORTH TEXAS SUPERBIKES Registrations are prima facie evidence of Plaintiffs' exclusive right to use the NORTH TEXAS SUPERBIKES Marks in United States commerce on or in connection with the identified services.

25. Attached hereto as **Exhibit B** are screenshots of Plaintiffs' website, www.northtexassuperbikes.com, showing examples of the use of their NORTH TEXAS SUPERBIKES Mark, one such representation of which is also reproduced below:



26. In addition to the rights granted by Plaintiffs' registrations in the NORTH TEXAS SUPERBIKES Marks, Plaintiffs have strong common-law rights in their marks by virtue of their extensive use and promotion in commerce. Plaintiffs have been providing their services to distributors, travel centers, and restaurants. Plaintiffs have been diligent in protecting and enforcing their NORTH TEXAS SUPERBIKES Mark.

27. The NORTH TEXAS SUPERBIKES Mark serves as a unique source identifier for Plaintiffs' services. Plaintiffs prominently use and display their federally registered NORTH TEXAS SUPERBIKES Mark at Plaintiffs' principal place of business and on Plaintiffs' advertising, promotional materials, and website (including social media).

28. Plaintiffs have invested time and effort in marketing and building the fame, reputation, and goodwill of the NORTH TEXAS SUPERBIKES Mark.

29. Plaintiffs' NORTH TEXAS SUPERBIKES Mark is a distinctive designation of the source of origin of their services.

30. Plaintiffs' NORTH TEXAS SUPERBIKES Mark is uniquely associated with Plaintiffs and their high-quality services. This mark is an asset of incalculable value as a symbol of Plaintiffs, their quality services, and their goodwill.

31. Plaintiffs' NORTH TEXAS SUPERBIKES Mark is well-known and was well-known *before* Defendants' infringement began.

32. As a result of Plaintiffs' extensive advertising and promotional efforts and their continuous use, their NORTH TEXAS SUPERBIKES Mark is distinctive and widely recognized by the relevant consuming public of Texas and the United States as a designation of source of the involved services.

**DEFENDANTS' INFRINGEMENT OF THE NORTH TEXAS SUPERBIKES MARK**

33.     Defendants use the phrases TX SUPERBIKES and TEXAS SUPERBIKES in commerce without Plaintiffs' authorization in connection with their advertising, providing, and offering to provide their services.  Defendants offer services, the "Infringing Services," that are identical, highly similar, or at least related to Plaintiffs' services.

34.     Defendants use the phrases TX SUPERBIKES and TEXAS SUPERBIKES without Plaintiffs' authorization in advertising their Infringing Services.  Defendants' use of "TX" as part of "TX SUPERBIKES" is merely an abbreviation of TEXAS.

35.     Defendants have used the following logo that prominently features the phrase TX SUPERBIKES, as shown below:



36.     Defendants also use the phrase TEXAS SUPERBIKES alongside the identification of their services, an example of which is reproduced below:



# TEXAS SUPERBIKES
## PREMIER MOTORCYCLE SERVICES IN RICHARDSON, TX

At **Texas Superbikes**, we are committed to providing superior **motorcycle services** in **Richardson, TX**, and the surrounding **Dallas-Fort Worth** area. Whether you need precision **dyno tuning**, routine **maintenance**, or custom **paint and vinyl wraps**, our team of expert technicians is here to help. With years of experience and a passion for motorcycles, we aim to elevate your riding experience and keep your bike performing at its best.

 (945) 241-6088



37. As can be seen from their website (https://txmotorsportsdesign.com/), Defendants are in the business of providing vehicle-related services.

38. Defendants also use the website domain www.txsuperbikes.com, which redirects to Defendants' https://txmotorsportsdesign.com/ website. This www.txsuperbikes.com web address is nearly identical to Plaintiffs' www.northtexassuperbikes.com, incorporating the majority of Plaintiffs' NORTH TEXAS SUPERBIKES trademark while merely abbreviating of Texas as TX. Defendants' use of this www.txsuperbikes.com web domain is confusingly similar to Plaintiffs' NORTH TEXAS SUPERBIKES Mark. This confusingly similar web address appears to be intentionally designed to deceive the consuming public.

39. Defendants are not licensed to use the NORTH TEXAS SUPERBIKES Mark and do not have any other affiliation with Plaintiffs. Defendants are not entitled to use any NORTH TEXAS SUPERBIKES Mark to promote their services. Furthermore, Defendants are direct competitors of Plaintiffs in providing vehicle repair and related services.

40. The terms TX SUPERBIKES and TEXAS SUPERBIKES are confusingly similar to Plaintiffs' NORTH TEXAS SUPERBIKES Mark. These terms incorporate the majority of Plaintiffs' NORTH TEXAS SUPERBIKES Trademark.

41. Defendants use the terms TX SUPERBIKES and TEXAS SUPERBIKES throughout their websites (including social media) and at their business locations. A true and correct copy of additional examples of the infringing advertisement, and screen shots of their websites and social media displays are attached hereto as **Exhibit C**.

42. Defendants' advertising and other use of the terms TX SUPERBIKES and TEXAS SUPERBIKES to promote their services is similar to Plaintiffs' federally protected mark and creates a likelihood that an appreciable number of consumers will form the false belief that

Defendants and/or their products, originate from or are affiliated, sponsored, or endorsed by Plaintiffs.

43. Irrespective of the minor differences in the terms Defendants are using on the infringing website found at txsuperbikes.com, the Defendants' use of any terms for vehicle repair services that incorporates the same essential terms as that of my Plaintiffs' NORTH TEXAS SUPERBIKES trademark results in a likelihood of confusion for consumers.

44. Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive the public and the trade by causing consumers to believe that Defendants are Plaintiffs and that Defendants' services are related to Plaintiffs' services, or are licensed by, sponsored or approved by, connected with, or associated with Plaintiffs.

45. Defendants exploit this confusion by making false and misleading statements to impersonate Plaintiffs. On more than one occasion, Plaintiffs' customers have called Defendants' facilities by mistake, confused by Defendants' use of Plaintiffs' Mark, and asked to speak to either Plaintiff Roy or Mr. Nelson Gatto, one of Plaintiffs' agents. In response, the Defendants' agents, upon accepting the call, have informed those customers that the person they are trying to speak to is "at lunch" or otherwise unavailable.

46. This willful deception was intended to further the confusion caused by Defendants' use of confusingly similar, and to capitalize and exploit this confusion to take advantage of Plaintiffs' goodwill and to profit from the sale of services to confused customers.

47. Defendants' deceptive exploitation of this confusion shows that their infringement of Plaintiffs' NORTH TEXAS SUPERBIKES Mark is intentional and willful. The effect of Defendants' actions will cause confusion of consumers who will believe Defendants and their

services originate from, are associated with, or are approved by Plaintiff. This confusion is likely to occur at the time of initial interest, during the sale, and in the post-sale setting.

48. Prior to filing their Complaint in this action, in May of 2024, Plaintiffs wrote to Defendants through counsel, asking that Defendants respect Plaintiffs' common-law trademark rights, and cease and desist using their trademark. This letter further raised issue with Defendants' deceptive practice of implying to customers that Gatto and Plaintiff Roy are associated with Defendants. In violation of Texas and United States trademark law, Defendants ignored the letter and continued infringing Plaintiffs' trademark. A true and correct copy of the cease-and-desist letter is included as internal **Exhibit 2** to the **Exhibit D** attached hereto.

49. Defendants ignored and disregarded Plaintiffs' objections and continued their infringing activities by offering, selling, and promoting their infringing services under TX SUPERBIKES and TEXAS SUPERBIKES.

50. Plaintiffs then again made a second demand to Defendants that they stop using the names TX SUPERBIKES and TEXAS SUPERBIKES. Plaintiffs, through counsel, informed Defendants of Plaintiffs' federal registration for their NORTH TEXAS SUPERBIKES Mark, reiterated the complaints of Defendants' deceptive business practices, and again asked that Defendants respect their trademark rights, and cease and desist using their trademark. A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit D**, with redactions.

51. Defendants similarly ignored and disregarded Plaintiffs' further objections.

52. Defendants' continued use of the names TX SUPERBIKES and TEXAS SUPERBIKES further supports a conclusion that Defendants' use constitutes intentional and willful infringement of Plaintiffs' NORTH TEXAS SUPERBIKES Mark.

53. Defendants' use of infringing Marks has caused, and will continue to cause, harm to Plaintiffs.

54. On information and belief, Defendants intend to continue to offer and provide their vehicle repair and related under the names TX SUPERBIKES and TEXAS SUPERBIKES without Plaintiffs' authorization.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

55. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1–53 as if fully stated herein.

56. Plaintiffs' federally registered marks are inherently distinctive and continue to acquire substantial distinctiveness and goodwill in the marketplace through Plaintiffs' use of those marks in commerce.  As a result of Plaintiffs' widespread and continuous use of their mark, the NORTH TEXAS SUPERBIKES Mark has become associated in the minds of the relevant purchasing public with Plaintiffs.  The reputation and goodwill that Plaintiffs have built up in the NORTH TEXAS SUPERBIKES Mark is of great value to Plaintiffs.

57. Defendants' use of TX SUPERBIKES and TEXAS SUPERBIKES as described above, unless enjoined by the Court, is likely to cause confusion with, or to cause mistake or deceive consumers as to the origin, sponsorship or approval of, Defendants' services, products and related commercial activities, and/or Plaintiffs' services, products and commercial activities, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58. Defendants' infringement of Plaintiffs' federally registered NORTH TEXAS SUPERBIKES Mark, and the Defendants' other actions as pleaded above, are willful, intentional, and deliberate.

59. Defendants' unlawful conduct has caused and will continue to cause substantial injury to the public and Plaintiffs.

60. The intentional and knowing nature of Defendants' trademark infringement renders this case an exceptional case, entitling Plaintiffs to an award of costs and reasonable attorney's fees under 15 U.S. C. § 1117(a).

61. Plaintiffs have no adequate remedy at law.

62. By virtue of their aforementioned conduct, Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

63. Plaintiffs are entitled to recover Defendants' profits, damages sustained by Plaintiffs in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114 and 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

64. Plaintiffs repeat and reallege each allegation of Paragraphs 1–62 above as if set forth herein.

65. Defendants' conduct, as described above, wrongfully and falsely designates the origin of Defendants' services, products, and related commercial activities as originating from or being approved by Plaintiff, and thereby constitutes a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. The actions of Defendants described above have at all times relevant to this action been willful and intentional.

67. As a result of Defendants' actions, Plaintiffs have been damaged and will continue to be damaged.

68. Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' damages (in an amount to be trebled), and the costs of this action. *See* 15 U.S.C. § 1117(a).

69. This is an exceptional case that merits an award of reasonable attorney fees to Plaintiffs under 15 U.S.C. § 1117(a).

70. Plaintiffs have no adequate remedy at law.

71. By virtue of their aforementioned acts, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. Plaintiffs are entitled to recover Defendants' profits, damages sustained by Plaintiffs in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1117, and 1125.

## COUNT III
## CYBERSQUATTING
### (Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

73. Plaintiffs repeat and reallege each allegation of Paragraphs 1–71 above as if set forth herein.

74. Defendants' bad faith registration and bad faith continued use of the domain name txsuperbikes.com, which is identical or confusingly similar to Plaintiffs' NORTH TEXAS SUPERBIKES Mark, constitutes cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a).

75. The actions of Defendants described above have at all times relevant to this action have been in bad faith. The actions of Defendants described above have also at all times relevant to this action have been willful and intentional.

76. Defendants are either the registrant of the domain name txsuperbikes.com or the registrant's authorized licensees. As a result of Defendants' actions, Plaintiffs have been damaged and will continue to be damaged.

77. Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' damages (in an amount to be trebled), and the costs of this action. *See* 15 U.S.C. § 1117(a).

78. Plaintiffs are entitled to an order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the Plaintiffs as the owner of the NORTH TEXAS SUPERBIKES Mark. *See* 15 U.S.C. § 1125(d).

79. This is an exceptional case that merits an award of reasonable attorney fees to Plaintiffs under 15 U.S.C. § 1117(a).

80. Plaintiffs have no adequate remedy at law.

81. By virtue of their aforementioned acts, Defendants have violated Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

82. Plaintiffs are entitled to recover Defendants' profits, damages sustained by Plaintiffs in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1117, and 1125.

## COUNT IV
## TRADEMARK INFRINGMENT UNDER THE COMMON LAW OF TEXAS

83. Plaintiffs repeat and reallege each allegation of Paragraphs 1–81 above as if set forth herein.

84. This cause of action arises under the common law of Texas.

85. Plaintiffs own and enjoy prior and exclusive common law rights in and to Plaintiffs' NORTH TEXAS SUPERBIKES Mark in Texas.

86. Defendants' unauthorized use in commerce of TX SUPERBIKES and TEXAS SUPERBIKES in Texas in connection with Defendants' vehicle repair and related services constitutes trademark infringement under the common law of Texas by causing a likelihood of consumer confusion and has caused, and will continue to cause, irreparable injury to Plaintiffs unless enjoined by the Court, for which Plaintiffs have no adequate remedy at law, entitling Plaintiffs to injunctive relief.

87. Defendants acted and continue to act with full knowledge of Plaintiffs' prior use and prior rights to Plaintiffs' NORTH TEXAS SUPERBIKES Mark in Texas and without regard to the likelihood of confusion created by Defendants' activities.

## APPLICATION FOR PERMANENT INJUNCTION

88. Plaintiffs repeat and reallege each allegation of Paragraph 1–86 above, as if set forth herein.

89. The harm to Plaintiffs arising from Defendants' acts is not fully compensable by money damages.

90. On information and belief, Defendants, unless enjoined, will continue to misrepresent to or mislead the public into believing that their products and services are sponsored by, approved by, affiliated with, associated with, or originated by Plaintiffs and infringe the NORTH TEXAS SUPERBIKES Mark by using the names TX SUPERBIKES and TEXAS SUPERBIKES or confusingly similar variations thereof to identify Defendants' competitive services. All of these actions violate the Lanham Act.

91. Under 15 U.S.C. § 1116(a), these actions entitle Plaintiffs to a permanent injunction, upon hearing, enjoining Defendants and their officers, agents, servants, employees,

franchisees, and attorneys, and all persons in active concert or in participation with Defendants from:

 (a) Representing Defendants' services are in any way sponsored by, approved by, affiliated with, or originated by Plaintiffs;

 (b) Representing that Defendants are Plaintiffs;

 (c) Using any of the NORTH TEXAS SUPERBIKES Mark or any confusingly similar variation thereof, alone or in combination with other designs or words, to market, advertise, or identify Defendants' products; and

 (d) Otherwise competing unfairly with Plaintiffs or injuring their business reputation in any manner.

92. For these actions, there is no adequate remedy at law. Further, Plaintiffs are substantially likely to prevail on the merits of these claims. The injury to Plaintiffs greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Plaintiffs. Finally, the injunction will not disserve the public interest. Therefore, in addition to monetary relief, Plaintiffs are also entitled to permanent injunctive relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment in their favor on every claim for relief set forth above and award them relief against Defendants including, but not limited to:

 (a) Actual and treble damages;

 (b) In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and

attorneys, and all persons in active concert or participation with Defendants from the acts described in this Complaint;

(c) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys and all persons in active concert or participation with Defendants to identify all third parties to whom Defendants have represented an ownership, affiliation, association, or sponsorship with the NORTH TEXAS SUPERBIKES Mark or confusingly similar variations thereof and to whom Defendants have distributed any type of materials incorporating the NORTH TEXAS SUPERBIKES Mark or confusingly similar variations thereof;

(d) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys and all persons in active concert or participation with Defendants to identify all other websites and marketing materials containing the TX SUPERBIKES Mark or TEXAS SUPERBIKES Mark or confusingly similar variations thereof;

(e) Order Defendants to provide an accounting of all sales, revenues, and profits related to Defendants' products that infringe the NORTH TEXAS SUPERBIKES Mark and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Plaintiff;

(f) In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the TX SUPERBIKES and TEXAS SUPERBIKES Marks be surrendered for destruction;

(g) In accordance with 15 U.S.C. § 1117(a), award Plaintiffs all of Defendants' profits from the aforesaid acts of trademark infringement and unfair competition;

  (h) In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiffs' favor and award Plaintiffs their reasonable attorney's fees, costs, and expenses of this action;

  (i) In accordance with 15 U.S.C. § 1125(d), an order for the forfeiture or cancellation of the domain name, www.txsuperbikes.com, or the transfer of the domain name to the Plaintiffs;

  (j) Award Plaintiffs their costs and pre-judgment and post-judgment interest at the legally allowed interest rate; and

  (k) Grant Plaintiffs such other relief, at law or in equity, to which they are justly entitled.

## **DEMAND FOR JURY TRIAL**

  Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: June 7, 2025                     BROZYNSKI & DALTON PC


By: */s/ Katarzyna Brozynski*
KATARZYNA BROZYNSKI
Texas Bar No. 24036277
kasia@bdlegalgroup.com
BART DALTON
Texas Bar No. 24043418
bart@bdlegalgroup.com
ERIC KNUDSEN
Texas Bar No. 24120949
5700 Tennyson Parkway, Suite 300
Claire Earnest
Texas Bar No. 24144962
claire@bdlegalgroup.com
Plano, Texas 75024
Telephone: 972.371.0679

Attorneys for PLAINTIFFS
FRENOTEC, LLC and DAVID ROY