UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRENOTEC, LLC, et al. § § *Plaintiffs,* § § v. § § TEXAS MOTORSPORTS AND § DESIGN LLC, et al. § § *Defendants.* § § | Civil Action No. 3:25-CV-1457-X |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Texas Motorsports & Design, LLC, Texas Motorsports Design TMD, LLC, Texas Superbikes, LLC, Alexander Quintero, and Jazmine Quintero's (collectively, "Defendants") motion to dismiss. (Doc. 12). Additionally, Frenotec LLC and David Roy (collectively, "Plaintiffs") filed a motion to dismiss the counterclaim. (Doc. 14). The Court **DENIES** Defendants' motion to dismiss. The Court **GRANTS** Plaintiffs' motion to dismiss the counterclaim and **GRANTS** Defendants leave to amend the counterclaim within twenty-eight days of this order.

### I. Background

This case is about trademark infringement. Plaintiffs brought this action under the Lanham Act because they claim Defendants used Plaintiffs federally registered trademark—NORTH TEXAS SUPERBIKES—without authorization. Plaintiffs allege that Defendants use of the terms TX SUPERBIKES and TEXAS

1

SUPERBIKES are confusingly similar to Plaintiffs' NORTH TEXAS SUPERBIKES mark.

## II. Legal Standard

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1]  The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[2]  And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

In its evaluation, the Court construes the complaint liberally in favor of the plaintiff, and accepts all facts pleaded in the complaint as true.[4]  But conclusory statements or legal conclusions are not credited.[5]

## III. Analysis

Defendants move to dismiss Plaintiffs' Lanham Act claims and Plaintiffs move to dismiss Defendants counterclaim.  The Court addresses each in turn.

### A. Lanham Act Claims

First, the Court notes that Defendants moved to dismiss this case "[p]ursuant to Texas Rule of Civil Procedure 91a."[6]  Perhaps the attempt to file a state court dismissal in federal court explains the scant briefing devoid of legal analysis, but

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[5] *See Ashcroft*, 556 U.S. at 678.

[6] Doc. 12 at 1.

either way, the Court is a federal court and operating under the Federal Rules of Civil Procedure. Construing the motion under Rule 12(b)(6), the motion is lacking any legal argument for dismissal. Defendants most cognizable argument—the trademark is generic—is a question of fact not suitable for a motion to dismiss.[7]

"To prevail on a claim of federal trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, a plaintiff must show (1) ownership of a legally protectable mark and (2) a likelihood of confusion created by an infringing mark."[8]

Here, construing the motion under the Rule 12(b)(6) standard, Plaintiffs must only *plead* those two elements. The complaint is full of well pled facts to meet this standard. Accordingly, the Court **DENIES** Defendants' motion to dismiss.

### B. Counterclaim

Second, Plaintiffs moved to dismiss Defendants' counterclaim seeking a declaratory judgment that the trademark is generic. Defendants did not respond to Plaintiffs' motion.

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] As it pertains to a declaratory judgment counterclaim, if the counterclaim amounts to no more than a recitation of a defense to the originally asserted claims, then the counterclaim is

---

[7] *See Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

[8] *All. for Good Gov't v. Coal. for Better Gov't,* 901 F.3d 498, 505 (5th Cir. 2018).

[9] *Ashcroft*, 556 U.S. at 678 (cleaned up).

redundant.[10]  Additionally, the Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201.[11]

Here, Defendants' declaratory judgment counterclaim is only one sentence and lacks anything other than their defenses to Plaintiffs' claims.[12]  Further Defendants pled no additional relevant facts as to their counterclaim.  Because the counterclaim is both redundant and fails to state a claim, the Court **DISMISSES WITHOUT PREJUDICE** the counterclaim under Rule 12(b)(6).

### IV. Conclusion

Accordingly, the Court **DENIES** Defendants' motion to dismiss, **GRANTS** Plaintiffs' motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** Defendants' counterclaim.

Defendants are given leave to replead and cure the defects in their counterclaim within twenty-eight days of the date of this order.  The changes Defendants may make in that pleading are limited to curing the defects this Order identifies.  Defendants may not add new claims or parties in the amended pleading.

---

[10] *See Pro Mineral, LLC v. Marietta*, No. 3:21-CV-02773-E, 2023 WL 2410884 at *7 (N.D. Tex. Mar. 8, 2023) (Brown, J.) (collecting cases).

[11] *See Winton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (noting that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.").

[12] *See* Doc. 13 at 6 ("Defendant seeks a declaration that Plaintiff's Registered Trademark is invalid and should be cancelled due to generic terms, functional descriptions, and unfair trade practices.").

**IT IS SO ORDERED** this 8th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

5