IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRENOTEC, LLC, et al.,  §<br>  Plaintiffs, §<br> §<br>v. §<br> §<br>TEXAS MOTORSPORTS AND §<br>DESIGN LLC, et al., §<br>  Defendants. § | No. 3:25-CV-1457-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Frenotec, LLC and David Roy's Motion for Attorneys' Fees filed on February 25, 2026. (Dkt. No. 41 ("Mot.").) Plaintiffs seek an order awarding reasonable costs against Defendants Texas Motorsports & Design, LLC, Texas Motorsports Design TMD, LLC, Alexander Quintero, and Jazmine Quintero (collectively "Defendants") and their attorney, Thomas H. Keen, for expenses associated with a motion to compel. Neither Defendants nor Keen has filed a response to the motion within the time permitted. (*See* Dkt. No. 38 ("Defendant shall file a response no later than 14 days after Plaintiffs file the motion.").)

After considering the motion, supporting evidence, and applicable authority, the Court **GRANTS** the motion and orders Defendants and Attorney Thomas H. Keen to pay $5,865.00 for reasonable costs associated with Plaintiff's motion to compel discovery.

# I. BACKGROUND

Plaintiffs filed this lawsuit in June 2025 alleging that Defendants infringed Plaintiffs' trademarks and engaged in unfair competition and cybersquatting. (*See generally* Dkt. No. 1.) Plaintiffs filed a motion to compel discovery from Defendants on December 10, 2025. (Dkt. No. 21.) According to the motion, Defendants' disclosures under Fed. R. Civ. P. 26(a) were insufficient and Defendants wholly failed to respond to requests for production and interrogatories. The Court ordered Defendants to file their response to the motion to compel no later than December 18. (Dkt. No. 23.) After Defendants' response deadline passed without any response having been filed, the Court ordered Plaintiffs to file a report by December 29 advising the Court of the status of Defendants' disclosures and production of discovery. (Dkt. No. 26.) Plaintiffs filed the status report as directed, and they reported that Defendants had not supplemented their disclosures or provided any response to discovery requests. (Dkt. No. 27.)

On December 30, 2025, the Court granted Plaintiffs' motion to compel and ordered Defendants to serve complete disclosures required by Rule 26(a)(1)(A) and complete responses to requests for production and interrogatories by January 15, 2026. (Dkt. No. 28.) The order noted the availability of expenses under Fed. R. Civ. P. 37(a)(5)(A) and provided Defendants an opportunity to file a response by February 2, 2026, explaining why they should not be required to pay Plaintiffs' reasonable costs incurred in filing the motion to compel. (*Id.*) Defendants never

filed a response to the order or otherwise showed cause why an award of costs should not be ordered.

Plaintiffs filed the instant motion for attorneys' fees on February 25. (*See* Mot.) They request reimbursement in the amount of $5,865.00 and support the motion with a declaration by Katarzyna Brozynski, Plaintiffs' counsel in this action. (*See* Dkt. No. 41-1 ("Brozynski Decl.").) She has been a licensed attorney for almost 25 years and attests to her familiarity with fees charged in this matter. (*Id.*) Plaintiffs also provide the time entries for Brozynski and associate attorney Eric Knudsen showing their time spent and brief descriptions of the work they performed, the attorneys' respective billing rates, and the total amount incurred relating to Plaintiffs' motion to compel. (*See* Dkt. No. 41-2.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court must not, however, "order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(a)(5)(A)(i)-(iii). "[T]he party whose conduct necessitated the filing of a motion to compel discovery has the burden of showing that its actions were substantially justified." *Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *3 (N.D. Tex. Jan. 6, 2023).

"'Reasonable attorneys' fees are determined through a two-step process,' otherwise known as the lodestar method." *Ferguson v. Sw. Reg'l PCR, LLC*, No. 5:22-CV-182-H, 2023 WL 9890884, at *2 (N.D. Tex. July 31, 2023) (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022)). The lodestar is the product of the hours reasonably spent on the matter and an appropriate hourly rate for such work. *Id.* Once the lodestar is calculated, the "court may then 'enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors" set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Ferguson*, 2023 WL 9890884, at *2. The lodestar is presumptively reasonable, and the fee applicant must support the application with documentary proof establishing the reasonableness of the fees. *Id.* "[T]he party desiring modification of the lodestar bears the burden of establishing that a reduction is justified." *Id.* (citing *Fessler*, 23 F.4th at 415–16).

### III.  ANALYSIS

None of the circumstances in Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) are present. The Court, in its December 30 order, found that Plaintiffs filed the motion to compel only after attempting to obtain discovery without resorting to court intervention.

(Dkt. No. 28.) Defendants did not file a response to the order as permitted, and they have failed to show either that their nondisclosure was substantially justified or that there are circumstances that would make an award of costs unjust.

Plaintiffs seek an order requiring Defendants and their attorney to repay attorneys' fees totaling $5,865.00. As stated, their request is supported by Ms. Brozynski's declaration attesting to the reasonableness of the attorneys' rates charged and work performed in preparing and filing the motion to compel. Because Defendants have not responded to the motion, they have not disputed or otherwise given any reason to take issue with the work performed or the amount of attorneys' fees sought.

Plaintiffs submit evidence showing that Ms. Brozynski spent 4.9 hours and Mr. Knudsen spent 7.8 hours working on matters pertaining to the motion to compel. Additionally, the declaration establishes the reasonableness of Ms. Brozynski's billing rate of $600.00 per hour and Mr. Knudsen's billing rate of $375.00 per hour. Based on these hours and billing rates, Plaintiffs compute a lodestar amount of $5,865.00.

An attorney's reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skill, experience and reputation." *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-CV-2025-K-BN, 2024 WL 1348401, at *2 (N.D. Tex. Mar. 28, 2024) (quoting *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir.

2011)). "The relevant legal community is the community in which the district court sits." *Id.* (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

The reasonable hourly rate is typically established through sworn testimony of other attorneys practicing in the legal community, but the Court may also exercise its judgment based on its own expertise to assess the appropriate hourly rate. *Id.* "The party seeking reimbursement of attorneys' fees bears the burden to 'produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

Because Defendants have not filed a response, they do not dispute the lodestar amount computed and, therefore, do not show that any adjustment to the lodestar amount is appropriate. Considering all appropriate factors, the Court determines that Plaintiffs reasonably incurred $5,865.00 in filing the motion to compel.

Rule 37(a)(5)(A) requires costs be paid by "the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both[.]" In the absence of any assertion that either defendants or their attorney bear primary responsibility for the conduct that necessitated the motion to compel, the Court determines that it is appropriate in the particular circumstances of this case to order that the attorneys' fees be jointly and severally paid by Defendants and their attorney.

## IV. CONCLUSION

Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 41) is **GRANTED**. Defendants Texas Motorsports & Design, LLC, Texas Motorsports Design TMD, LLC, Alexander Quintero, and Jazmine Quintero and Attorney Thomas H. Keen are **ORDERED** to pay **$5,586.00** to the law firm Brozynski & Dalton, P.C. within **45 days** of the date of this order.

**SO ORDERED** on March 12, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE